**Vera GARMON, Plaintiff,**

v.

**Thomas J. VILSACK, Secretary United States Department of Agriculture, Defendant.**

Case No. 10–24315–CIV.

United States District Court, S.D. Florida, Miami Division.

Oct. 21, 2011.

Jennifer Hancock Tedesco, Gibson and Sharps Attorneys at Law, Vero Beach, FL, for Plaintiff.

Christopher Macchiaroli, Marlene Alicia Fernandez–Karavetsos, U.S. Attorney's Office, Miami, FL, for Defendant.

### *ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

JOSE E. MARTINEZ, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion for Summary

Judgment (D.E. No. 27). Plaintiff Vera Garmon ("Plaintiff") has filed suit against Defendant Thomas J. Vilsack in his official capacity as Secretary for the United States Department of Agriculture ("Defendant"), alleging age discrimination in violation of the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* and race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Plaintiff has now withdrawn her claim for race discrimination. *See* (D.E. No. 34 at 2, Response to Motion for Summary Judgment); (D.E. No. 39, Joint Pretrial Stipulation at 2–3). After careful consideration and for the reasons set for below, the Court grants Defendant's motion for summary judgment.

## I. Relevant Factual and Procedural Background

For two years, Plaintiff was employed as a Program Support Clerk with the Animal and Plant Health Inspection Service ("APHIS"), which is an agency of the United States Department of Agriculture, the Defendant in this action. (D.E. No. 39, Joint Pretrial Stip. at 2). Plaintiff was employed in a non-permanent capacity. *Id.* On December 29, 2008, Defendant issued a vacancy announcement, numbered 24PQ–2009–0169, for Program Support Clerk (Office Automation) positions in its Miami, Florida office. *Id.* Defendant first asked to have five positions filled pursuant to the vacancy, but due to budget constraints, only three positions were actually approved. *Id.* The parties agree that the following process was used in considering the applicants for these positions.

The applicants for the positions completed an electronic questionnaire regarding their qualifications and work experience. The relevant questions were contained within the vacancy announcement and provided to the applicants in advance of them submitting their applications.[1] Based on the answers to the questions, the applicants for the positions were ranked by numerical score. The ranking of the applicants was performed by ... [Defendant's] Human Resources Office in Minnesota and not by any employee in Miami.

*Id.*

Once the applicants were assigned a numerical score and ranked, a list of each applicant's score and rank was provided on a "Certificates of Eligibles" to Pedro Millan ("Millan"), the Area Director for the Miami office of the APHIS. (D.E. No. 37–2, Millan Decl. at ¶¶ 1, 2, 3). Millan is the individual who actually selected which candidates Defendant should hire for the three open positions. *Id.* at ¶ 2. Plaintiff applied for these positions but was not selected. (D.E. No. 39, Joint Pretrial Stip. at 2). Millan ultimately selected the individuals with the top three scores, Chanel Johnson, Debbie Coleman, and Claudio Fernandez. *Id.* at ¶¶ 3, 4.

Millan states that

Chanel Johnson was selected because she was the highest ranked candidate with a score of 103.19 and because she was a 10 point disable veteran. She had banking experience, she graduated from customer service school, and she was a federal employee with the United States Army. She was responsible for more

---

1. The questions in the electronic questionnaire included questions concerning the applicant's educational background, the applicant's skills such as the ability to type a certain amount of words per minute, computer proficiency, or proficiency in performing certain office work tasks, and the applicant's work experience. *See* (D.E. No. 27–2 at 12–19, A–12–A–19). In addition, candidates that were veterans were given preference in the form of extra points. (D.E. No. 27–2, Millan Decl. at ¶ 3).

than $20 million in equipment inventory. She was well qualified.

Debbie Coleman was a lead Human Resources manager in the military and she had 20 years of military service. She was the supervisor of 1500 staff personnel and was well qualified for the position.

Claudio Fernandez had about one year of experience with ... [Defendant] as a temporary employee. He was a State Residential Appraiser and he had extensive experience in field inspections, data analysis, computer programs, customer service, and supervising and training others.

*Id.* at ¶¶ 6, 7, 8. Millan states that although Plaintiff was "a very good employee ... she was ranked too low by Human Resources to be selected for the three open positions." *Id.* at ¶ 9. It is undisputed that Plaintiff was ranked fourteenth. *Id.* at ¶ 3.

At the time Plaintiff applied for these positions she was fifty-seven years old. (D.E. No. 34–2, Affidavit of Vera Garmon at 1). It is undisputed that all three applicants who were chosen for the positions were younger than Plaintiff. (D.E. No. 36–1 at 6, A–43, Final Agency Decision). On December 6, 2010, Plaintiff filed suit against Defendant, alleging that Defendant unlawfully discriminated against her on the basis of her age by not hiring her for one of the three open positions.[2] *See* (D.E. No. 1).

## II. Legal Standard

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). By its very terms, this standard provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Matsushita Electric Indus. Co.,* 475 U.S. at 586, 106 S.Ct. 1348. It is "material" if it might affect the outcome of the case under the governing law. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. In addition, in considering a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party. *Id.* at 255, 106 S.Ct. 2505.

If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment. *See United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties,* 941 F.2d 1428, 1438 (11th Cir.1991). The moving party " 'must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial.' " *Id.* (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 331, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (Brennan, J., dissenting)). "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'come[s] forward with significant, probative evidence demonstrating the existence of a

---

**2.** Plaintiff filed her complaint pro se but is now represented by an attorney. The response to the motion for summary judgment was filed by Plaintiff's attorney.

triable issue of fact.'" *Four Parcels of Real Prop. in Greene and Tuscaloosa Counties,* 941 F.2d at 1438 (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.,* 931 F.2d 1472, 1477 (11th Cir.1991)). *See also* Fed.R.Civ.P. 56(e).

In contrast, if the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim or affirmative defense. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. When the non-moving party bears the burden of proof, the moving party does not have to "support its motion with affidavits or other similar material *negating* the opponent's claim." *Id.* at 323, 106 S.Ct. 2548 (emphasis in original). The moving party may discharge its burden in this situation by showing the Court that "there is an absence of evidence to support the nonmoving party's case." *Id.* at 324, 106 S.Ct. 2548. Once the moving party discharges its initial burden, a non-moving party who bears the burden of proof must "go beyond the pleadings and by [its] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed.R.Civ.P. 56(e)). A non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

### III. Analysis

■ Defendant argues that there are no genuine issues of material fact in this case and that it is entitled to summary judgment on Plaintiff's remaining age discrimination claim. In this case, it is undisputed that there is no direct evidence of discrimination. This Court applies the burden-shifting framework established in *McDon-*

*nell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) to determine ADEA age-discrimination claims based on circumstantial evidence of discrimination. *Chapman v. AI Transport,* 229 F.3d 1012, 1024 (11th Cir.2000). Under this framework, Plaintiff must first establish a prima facie case of discrimination. *Id.* "One method a plaintiff can use to establish a prima facie case for an ADEA violation is by showing that [s]he (1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual." *Id.*

■ If Plaintiff meets her burden and establishes a prima facie case of age discrimination, there is a presumption of discrimination, and the burden then shifts to Defendant to articulate a legitimate, non-discriminatory reason for the employment action at issue. *Chapman,* 229 F.3d at 1024. "However, ... [Defendant's] burden is merely one of production; it 'need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff.'" *Id.* (quoting *Combs v. Plantation Patterns,* 106 F.3d 1519, 1528 (11th Cir.1997)). If Defendant articulates a nondiscriminatory reason, the presumption of discrimination drops out of the case, and it is Plaintiff's burden " 'to come forward with evidence, including the previously produced evidence establishing the prima facie case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision.'" *Id.* If Plaintiff does not submit "sufficient evidence to create a genuine issue of material fact regarding whether each of the defen-

dant employer's articulated reasons is pretextual, the employer is entitled to summary judgment on the plaintiff's claim." *Chapman*, 229 F.3d at 1024–1025.

Defendant argues that even assuming that Plaintiff can establish a prima facie case that Plaintiff cannot show that Defendant's reasons for hiring the other applicants for the positions was a mere pretext for discrimination. Plaintiff argues that a genuine issue of material fact remains on the pretext issue because there is evidence that Millan was aware of Plaintiff's age as her birth date appeared on her application despite his statement in the record that he was not aware of her age, because although it is undisputed that Millan hired the top three scoring candidates he was not required to only consider these candidates, because Plaintiff disputes that the candidates Claudio Fernandez and Debbie Coleman[3] were actually more qualified or even as qualified as her for the positions, and because statistical information regarding the composition of Defendant's employees reveals that more than 77% of Defendant's employees at that time were over the age of 40 and thus, a jury could find that Defendant would have an interest in hiring younger employees. The Court, however, finds Plaintiff has failed to establish that a genuine issue of material fact remains in this action because Plaintiff has failed to demonstrate that Defendant's

proffered reason for hiring the three top-scoring candidates and not her was merely pretextual.[4]

Millan has provided an affidavit stating that he didn't hire Plaintiff and hired the other three applicants based on their rankings provided by Human Resources to Millan after the applicants filled out an electronic questionnaire. *See* (D.E. No. 27–2, Millan Decl. at ¶¶ 3–9). The questions in the electronic questionnaire included questions concerning the applicant's educational background, the applicant's skills such as the ability to type a certain amount of words per minute, computer proficiency, or proficiency in performing certain office work tasks, and the applicant's work experience. *See* (D.E. No. 27–2 at 12–19, A–12–A–19). In addition, candidates that were veterans were given preference in the form of extra points. (D.E. No. 27–2, Millan Decl. at ¶ 3). Millan hired the three highest scoring applicants.

■ First, the Court disagrees that a genuine issue of material fact exists as to whether Millan's proffered reason for not hiring Plaintiff is a mere pretext for discrimination because there is evidence that Millan stated that he was not aware of Plaintiff's age, and there is also evidence that Plaintiff's birth date appeared on her application. In the Defendant's "Report of Investigation" relating to Plaintiff's claim,

---

**3.** Plaintiff has not provided any argument on this issue relating to Chanel Johnson and her qualifications. The fact that Chanel Johnson and Claudio Fernandez were possibly in their late twenties or early thirties or that Debbie Coleman was around 40 years old, standing alone, is not enough to demonstrate that Defendant's proffered reasons for not hiring Plaintiff are pretextual.

**4.** Here, Defendant has also argued that it is entitled to summary judgment because Plaintiff cannot establish a prima facie case as she cannot show that the individuals selected for the positions at issue were of lesser or equal

qualifications given that the selected applicants had higher scores on the electronic questionnaire than Plaintiff. As explained above, the Eleventh Circuit has stated that "[o]ne method a plaintiff can use to establish a prima facie case for an ADEA violation is by showing that [s]he (1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual." *Chapman*, 229 F.3d at 1024. Plaintiff has provided sufficient evidence to meet her prima facie case.

there is a statement that "Mr. Millan states he knows the Complainant's race, but not her age." (D.E. No. 34–9 at 6). Plaintiff has also provided copies of Plaintiff's "All Applicant Data Report" for the positions and the three successful candidates' "All Applicant Data Report[s]" for the positions. *See* (D.E. No. 34–4 at 1–6); (D.E. No. 34–5 at 1–8); (D.E. No. 34–6 at 1–8); (D.E. No. 34–7 at 1–7). These reports list the applicant's date of birth. *Id.*[5] There is, however, no evidence to support Plaintiff's contention that Millan ever actually saw these All Applicant Data Reports. Millan states that he was provided a ranking of the candidates with their scores from the electronic questionnaire on a "Certificates of Eligibles." (D.E. No. 27–2, Millan Decl. at ¶ 3). He does not state he was provided with the data reports. Thus, to the extent Plaintiff is attempting to argue that Millan was lying when he said he didn't know her age and this shows pretext the Court finds this argument is without merit. Also, to the extent Plaintiff is arguing that simply being aware of Plaintiff's age shows pretext, the Court also disagrees.

▮ Next, the Court disagrees that Millan's failure to consider Plaintiff for the position based on her score demonstrates that his proffered reason for not hiring Plaintiff was a pretext for discrimination. The Court agrees that there is nothing in the record that states that Millan was required to *only* consider the three highest scoring candidates for the positions. Defendant in fact does not argue that Millan was limited to considering these applicants. It is clear that Millan was simply required under the "Rule of Three" to at least *consider* the three highest scoring applicants. *See* (D.E. No. 27–2, McLemore Decl. at 8). However, there is also

nothing in the record that shows there was anything wrong with Millan only considering these three top scoring applicants or more accurately, there is nothing demonstrating age discrimination found in Millan's decision to not consider Plaintiff because she received the fourteenth highest score. *See* (D.E. No. 27–2, Millan Decl. at ¶ 9). In his own business judgment, Millan was entitled to rely on the results of the questionnaire and the rankings provided. *Chapman*, 229 F.3d at 1030 (stating that a plaintiff may not "recast an employer's proffered nondiscriminatory reasons or substitute . . . [her] own business judgment for that of the employer."). This reliance does not demonstrate that Millan's decision to not consider Plaintiff was discriminatory. Accordingly, the Court cannot find that this establishes a genuine issue of material fact that precludes summary judgment.

▮ The Court also finds Plaintiff's argument that the successful candidates, Claudio Fernandez and Debbie Coleman, were less qualified or not even equally qualified as she was for the positions also fails to demonstrate pretext. "As a general matter, hiring a less qualified person can support an inference of discriminatory motivation." *Keaton v. Cobb County, GA*, No. 08–11220, 2009 WL 212097, at *4 (11th Cir. Jan. 30, 2009) (internal quotations omitted). "In the context of a promotion, 'a plaintiff cannot prove pretext by simply arguing or even by showing that . . . [she] was better qualified than the [person] who received the position . . . [she] coveted. A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by . . . [a discriminatory animus].' " *Springer v. Convergys Customer Manage-*

---

**5.** The date of birth is actually blacked out, but the Court assumes they were not blacked out on the original data reports.

*ment Group, Inc.,* 509 F.3d 1344, 1349 (11th Cir.2007) (*quoting Brooks v. County Comm'n of Jefferson County,* 446 F.3d 1160, 1163). In addition, "a plaintiff must show that the disparities between the successful applicant's and ... [her] own qualifications were 'of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff.'" *Springer,* 509 F.3d at 1349 (quoting *Cooper v. Southern Co.,* 390 F.3d 695, 732 (11th Cir.2004)). Here, Plaintiff has not met this burden.

■ Plaintiff argues that Claudio Fernandez was less qualified than Plaintiff or equally qualified because

> Mr. Fernandez may have had more experience as a residential home inspector but ... [Plaintiff] had in excess of 25 years of progressive experience in administrative positions, including data entry. Moreover, she had two years of on the job experience as a data entry clerk for ... [Defendant], she trained other temporary employees for ... [Defendant's] data entry job including Mr. Fernandez, and obtained evaluations rating her job performance as 'Exceptional.'"

(D.E. No. 34 at 8) (citations to the record have been omitted). Similarly, Plaintiff argues that

> There are facts in dispute regarding whether Ms. Coleman or ... [Plaintiff] was more qualified for a data entry position with ... [Defendant]. Although Ms. Coleman would likely be more qualified for a position that required her to supervise a large number of employees, there is no evidence in support of the Defendant's position that she was more qualified for the data entry job than ... [Plaintiff]. To the contrary, the evidence supports that ... [Plaintiff] was more qualified for the data entry position with the ... [Defendant] than Ms. Coleman when you compare the job requirements and the prior job experience of each applicant. Notably, Ms. Coleman received extra points on her overall application score due to her military service. Without the veterans point preference added to her score, the Plaintiff's score would have been high than Ms. Coleman's score.

*Id.* at 9. Plaintiff has not demonstrated that the disparities between her qualifications and the qualifications of Fernandez and Coleman "were 'of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate[s] selected over'" her. *Springer,* 509 F.3d at 1349. Plaintiff's arguments simply question Millan's business judgment.

Moreover, Plaintiff does not dispute that the electronic questionnaire appropriately ranked the individuals with regard to the questions answered and the preferences given to veterans, and here, Millan decided to give weight to these rankings. These were all decisions Millan was entitled to make in his own business judgment. Furthermore, Plaintiff concedes that with regard to Coleman, Coleman was placed ahead of Plaintiff because Coleman is a veteran. Choosing someone for a position because she is a veteran and Plaintiff is not does not demonstrate discrimination. Plaintiff's status as a non-veteran is not a protected class. Accordingly, the Court also finds that Plaintiff has failed to demonstrate a genuine issue of material fact relating to any issues regarding the qualifications of Fernandez and Coleman as compared to Plaintiff.

Finally, Plaintiff argues that statistical information regarding the composition of Defendant's employees reveals that more than 77% of Defendant's employees at that time were over the age of forty and thus, a jury could find that Defendant would have an interest in hiring younger employees.

This argument is nothing more than speculation. "Inferences and opinions must be grounded on more than flights of fancy, speculations, hunches, intuitions or rumors, and '[d]iscrimination law would be unmanageable if disgruntled employees ... could defeat summary judgment by speculating about the defendant's motives.'" *Rand v. CF Indus., Inc.*, 42 F.3d 1139, 1146 (7th Cir.1994) (quoting *Visser v. Packer Engineering Associates, Inc.*, 924 F.2d 655, 659 (7th Cir.1991)). Thus, Plaintiff has failed to demonstrate that genuine issues of material fact remain in this action. Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

1. Defendant's Motion for Summary Judgment (D.E. No. 27) is **GRANTED.** A final judgment shall be entered by separate order.

2. This case is **CLOSED,** and all pending motions are **DENIED as MOOT.**